# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

EMMANUEL RODRIGUEZ-RODRIGUEZ,

Defendant.

CRIMINAL NOS.  23-053 (ADC)
23-312 (ADC)

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## RE: RULE 11(c)(1)(B) GUILTY PLEA HEARING

**I.    Procedural Background:**

On February 16, 2023, defendant Emmanuel Rodriguez-Rodriguez was charged in a four-count and multi-defendant indictment in Case No. 23-053 (ADC). (Docket No. 3). On August 23, 2023, he also was charged on a multi-count and multi-defendant indictment in Case No. 23-312 (ADC) (Docket No. 3). He agreed to plead guilty to Counts One for both indictments.

Count One in Criminal No. 23-053 (ADC) specifically charges Mr. Rodriguez-Rodriguez that beginning on a date unknown, but no later than in or about 2017, up to and until the date of the return of the instant indictment, in the District of Puerto Rico, elsewhere and within the jurisdiction of this Court, did knowingly and intentionally combine, conspire, confederate and agree with each other and others, known and unknown to the Grand Jury, to possess with intent to distribute and to distribute five (5)

1

kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance, aboard a vessel subject to the jurisdiction of the United States.  All in violation of 46 U.S.C. §§ 70503(a)(1) and 70506(b).

Count One in Criminal No. 23-312 (ADC) charges that beginning on a date unknown to the Grand Jury but not later than September 16, 2021, and continuing through the return of the indictment, within the District of Puerto Rico and elsewhere, and within the jurisdiction of this Court, did knowingly and intentionally conspired and agreed with other persons known and unknown to the Grand Jury to violate 18 U.S.C. §§ 1956 and 1957 including by:

(a) knowingly conducting and attempting to conduct financial transactions involving monetary instruments affecting interstate and foreign commerce, which transactions involved the proceeds of a specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling and otherwise dealing in controlled substances, knowing the property involved in the financial transactions represented the proceeds of some form of unlawful activity and knowing the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(l)(B)(i);

(b) knowingly transporting, transmitting, and transferring, and attempting to transport, transmit, and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States knowing the monetary instrument and funds involved in the transportation, transmission, and transfer

represent the proceeds of some form of unlawful activity and knowing that such transportation, transmission, and transfer is designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceed of specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(2)(B)(i); and

(c) knowingly engaging and attempting to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling and otherwise dealing in controlled substances, in violation of 18 U.S.C. § 1957.

Defendant appeared before me, assisted by the court interpreter, on October 11, 2024, after the Rule 11 hearing was referred to me by the Presiding District Judge. *See United States v. Woodard*, 387 F.3d 1329 (11th Cir. 2004) (magistrate judge had authority to conduct Rule 11 guilty plea hearing with consent of defendant). He was advised of the purpose of the hearing and placed under oath with instructions that his answers must be truthful lest he subject himself to possible charges of perjury or making a false statement.

**II.    Consent to Proceed Before a Magistrate Judge:**

Defendant was provided with a Waiver of Right to Trial by Jury form, which he signed.[1]  He was advised of his right to hold all proceedings, including the change of plea

---

[1] The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Fed. R. Crim. P. 11) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

hearing, before a district court judge. He received an explanation of the differences between the scope of jurisdiction and functions of a district judge and a magistrate judge. He was informed that if he elected to proceed before me, a magistrate judge, that I would conduct the hearing and prepare a report and recommendation, subject to review and approval of the District Judge. The defendant then voluntarily consented to proceed before me.

### III.    Proceedings Under Rule 11 of the Federal Rules of Criminal Procedure:

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal criminal violations. Pursuant to Rule 11, in order for a plea of guilty to constitute a valid waiver of the defendant's right to trial, the guilty plea must be knowing and voluntary. *United States v. Hernandez-Wilson*, 186 F.3d 1, 5 (1st Cir. 1999). "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea.'" *United States v. Cotal-Crespo*, 47 F.3d 1, 4 (1st Cir. 1995) (*quoting McCarthy v. United States*, 394 U.S. 459, 467 (1969)). There are three core concerns in a Rule 11 proceeding: 1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea. *Cotal-Crespo*, 47 F.3d at 4 (*citing United States v. Allard*, 926 F2d 1237, 1244 (1st Cir. 1991)).

### A.    Competence to Enter a Guilty Plea

I questioned the defendant about his age, education, employment, history of any treatment for mental illness or addiction, use of any medication, drugs, or alcohol, and his understanding of the purpose of the hearing, all in order to ascertain his capacity to

4

understand, answer and comprehend the change of plea colloquy. I confirmed that the defendant received the indictment and fully discussed the charges with his attorney and was satisfied with the advice and representation he received. In addition, I further inquired whether defendant's counsel or counsel for the government had any doubt as to his competency to plead, receiving answers from both that the defendant was competent to enter a plea. After considering the defendant's responses, and observing his demeanor, a finding was made that Mr. Rodriguez-Rodriguez was competent to plead and fully aware of the purpose of the hearing.

### B.   Maximum Penalties

Upon questioning, the defendant expressed his understanding of the maximum and minimum penalties prescribed by statute for the offenses to which he was pleading guilty. As to Count One in Criminal No. 23-053(ADC), and as charged, he was exposed to a term of imprisonment which shall not be less than ten (10) years and up to life, a fine not to exceed ten million dollars ($10,000,000.00), and a supervised release term of at least five (5) years in addition to any term of incarceration.

As to Count One in Criminal No. 23-312, defendant understood that he was exposed to a term of imprisonment of not more than twenty (20) years and up to life, a fine not to exceed two hundred and five hundred thousand dollars ($500,000.00) or twice the value of the property involved in the transaction, whichever is greater, pursuant to is U.S.C. § 1956(a)(1), and a supervised release term of not more than three (3) years, pursuant to is U.S.C. § 3583(b)(2), in addition to any term of incarceration. There is also a civil penalty of not more than the greater of the value of the property, funds, or monetary instruments involved in the transaction; or ten thousand dollars ($10,000.00).

The defendant also understood that a Special Monetary Assessment of $100.00 would be imposed as to each count of conviction, to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, Section 3013(a). The court explained the nature of supervised release and the consequences of revocation. The defendant indicated that he understood the maximum and minimum penalties for the offenses to which he was pleading guilty and the potential consequences of said guilty plea.

### C.    Plea Agreement

Mr. Rodriguez-Rodriguez was shown his plea agreement, and the plea agreement supplement, which are part of the record, and identified his initials and signatures. He confirmed that he had the opportunity to read and discuss the plea agreement with his attorney before he signed it, that it represented the entirety of his understanding with the government, that he understood its terms, and that no one had made any other or different promises or assurances to induce him to plead guilty.

The defendant was then admonished, pursuant to Fed. R. Crim. P. 11(c)(1)(B), and expressed his understanding that the terms of the plea agreement are merely recommendations to the court, and that the district judge who will preside over the sentencing hearing can reject the recommendation without permitting the defendant to withdraw his guilty plea, and impose a sentence that is more severe than the defendant might anticipate. The defendant was specifically informed that the court, after considering the applicable Sentencing Guidelines, could impose a sentence different from any estimate in the plea agreement or provided by his attorney, and that the court had the authority to impose a sentence that is more severe or less severe than the sentence called for by the Sentencing Guidelines. The defendant was advised, and

understood, that the Sentencing Guidelines are no longer mandatory and are thus considered advisory, and that during sentencing the court will consider the sentencing criteria found at Title 18, United States Code, Section 3553(a).

The defendant was advised that under some circumstances he or the government may have the right to appeal the sentence the court imposes, but that pursuant to the plea agreement the defendant will waive his right to appeal both his sentence and his conviction if the court adopts the plea agreement and sentences him according to its terms, conditions and recommendations.

### D.    Waiver of Constitutional Rights

Mr. Rodriguez-Rodriguez was specifically advised that he has the right to persist in a plea of not guilty, and if he does so persist that he has the right to a speedy and public trial by jury, or trial before a judge sitting without a jury if the court and the government so agree; that at trial he would be presumed innocent and the government would have to prove his guilt beyond a reasonable doubt; that he would have the right to the assistance of counsel for his defense, and if he could not afford an attorney the court would appoint one to represent him throughout all stages of the proceedings; that at trial he would have the right to hear and cross examine the government's witnesses, the right to decline to testify unless he voluntarily elected to do so, and the right to the issuance of subpoenas or compulsory process to compel the attendance of witnesses to testify. He was further informed that if he decided not to testify or put on evidence at trial, the failure to do so could not be used against him, and that at trial the jury must return a unanimous verdict before he could be found guilty or not guilty.

The defendant specifically acknowledged understanding these rights and understanding that by entering a plea of guilty there would be no trial and he will be waiving or giving up the rights I explained.

The defendant was informed that parole has been abolished and that any sentence of imprisonment must be served, and that his guilty plea may result in loss of important civil rights, such as the right to vote, to hold public office, to serve on a jury, and to possess a firearm. The defendant confirmed that he understood these consequences of the guilty plea.

### E.   Factual Basis for the Guilty Plea

Defendant was read in open court Count One for both indictments and provided an explanation of the elements of the offense. The meaning of terms used in the indictment was explained.  Further, upon questioning, the defendant admitted to facts constituting all of the elements of the offense charged in Count One and that the evidence the government had available to establish, in the event defendant elected to go to trial, the defendant's guilt beyond a reasonable doubt.

### F.   Voluntariness

The defendant indicated that he was not being forced to plead guilty but was entering such a plea freely and voluntarily because in fact he is guilty, and that no one had threatened him or offered a thing of value in exchange for his plea. He acknowledged that no one had made any different or other promises in exchange for his guilty plea, other than the recommendations set forth in the plea agreement. Throughout the hearing the defendant was able to consult with his attorney.

**IV.    Conclusion:**

The defendant, by consent, appeared before me pursuant to Rule 11 of the Federal Rules of Criminal Procedure, and entered a plea of guilty as to Count One of the indictment in Criminal No. 23-053 (ADC) and in Criminal No. 23-312(ADC).  After cautioning and examining the defendant under oath and in open court concerning each of the subject matters mentioned in Rule 11, I find that the defendant, Emmanuel Rodriguez-Rodriguez is competent to enter this guilty plea, is aware of the nature of the offense charged and the maximum statutory penalties that it carries, understands that the charge is supported by evidence and a basis in fact, has admitted to the elements of the offense, and has done so in an intelligent and voluntary manner with full knowledge of the consequences of his guilty plea. Therefore, I recommend that the court accept the guilty plea and that the defendant be adjudged guilty as to Count One in both indictments.

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of Court **within 14 days**. Failure to file timely and specific objections to the report and recommendation is a waiver of the right to appellate review. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Davet v. Maccorone*, 973 F.2d 22, 30–31 (1st Cir. 1992); *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988); *Borden v. Sec'y of Health & Human Servs.,* 836 F.2d 4, 6 (1st Cir. 1987).

In San Juan, Puerto Rico this 11th day of October, 2024.

<u>S/Héctor L. Ramos-Vega</u>
HÉCTOR L. RAMOS-VEGA
UNITED STATES MAGISTRATE JUDGE